CARGILL ELEVATOR COMPANY v. JOHN H. EKLUND and Another.[1]

June 29, 1897.

Nos. 10,580—(98).

Action on Note—Evidence.

> *Held*, that the evidence justified the findings.

Action in the district court for Meeker county on a promissory note and to foreclose the rights of defendants to certain personal property pledged to secure its payment.

In December, 1891, plaintiff loaned to defendant John H. Eklund the sum of $330, for which he gave a note to the plaintiff, providing for the repayment of the principal, with interest, at 10 per cent. per annum. As collateral security for the payment of the note, he pledged and delivered to the plaintiff certain warehouse receipts, or storage tickets, for wheat deposited by him in plaintiff's elevator at Litchfield, Minnesota. No part of the note was paid, and, on

[1] Reported in 72 N. W. 62.

December 15, 1893, he executed and delivered to the plaintiff his note for $509.84 in substitution for the preceding note, which was at that time surrendered to him. The amount of this note was made up of the principal and interest of the former note, and storage and other charges, due and unpaid, upon the wheat represented by the storage tickets delivered as collateral security for the plaintiff's note.

To secure the payment of the second note, the defendants executed and delivered a chattel mortgage upon a certain horse according to agreement. The wheat tickets theretofore pledged were canceled, and a new ticket was issued by the plaintiff in lieu thereof, and pledged by the defendants to the plaintiff.

The case was tried before the court without a jury, and judgment was ordered for plaintiff. Defendants appealed from an order of the court, Powers, J., denying their motion for a new trial. Affirmed.

*John T. Byrnes*, for appellants.

*Wilson & Van Derlip*, for respondent.

MITCHELL, J.

The contention of the defendants that the wheat represented by the storage tickets had all been sold and disposed of by the plaintiff long before the date of the settlement in December, 1893, and therefore that an excessive amount of storage charges was included in the note executed on that date, is not borne out by the evidence. The evidence, at most, merely tended to prove that the wheat had been shipped out of the particular elevator in which it was deposited by the defendant. But the plaintiff had a right to do this under the contract of storage.

Whether the substituted storage ticket issued in December, 1893, was in the form required by statute is immaterial, as it cannot affect the rights of the parties under their contract by which the defendants pledged the wheat to the plaintiff as security for his note. The evidence amply justified the findings. There is no other point in the case worthy of special notice.

Order affirmed.